IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**OTTO ROUSSEAU,**

**Petitioner,**

vs.                                                                   No. CIV-11-355 JB/WDS

**ERASMO BRAVO, Warden**
**Respondents.**

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

This is a Petition For a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 by Petitioner Otto Rousseau. Rousseau is acting *pro se*. Respondents filed a response in opposition to the Petition. The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and recommends that the Petition be denied. The court makes the following findings.

### FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is in the lawful custody of Respondent Erasmo Bravo, Warden, pursuant to a valid Judgment, Sentence and Partially Suspended Sentence filed in the Second Judicial District Court, Bernalillo, Cause Nos. CR-2007-2955 and CR-2007-2907, entered on September 25, 2008. Petitioner pled guilty to the following crimes:

Count 1 – Trafficking (by possession with intent to distribute cocaine), a second degree

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

felony in CR-2007-2907;

Count 2 - Trafficking (by possession with intent to distribute cocaine), a second degree felony in CR-2007-2955;

Count 3 - Conspiracy to commit trafficking (by possession with intent to distribute), a third degree felony in CR-2007-2955.

Pursuant to the plea agreement, four other counts were dismissed in CR-2007-2955 and one other count of CR-2007-2907 was dismissed. Petitioner was sentenced to a total term of twenty-one years, with eleven years suspended. Proceedings under the habitual offender act were deferred. Although the two state court criminal prosecutions were consolidated at sentencing on September 25, 2008, Petitioner is contesting the plea and disposition agreement entered in Bernalillo County Cause No. CR-2007-2907.

Petitioner's plea agreement contained a waiver of appeal, and Petitioner did not file a direct appeal. On June 8, 2010 Petitioner filed his first state habeas petition. That petition was summarily denied by the trial court on September 22, 2010. The New Mexico Supreme Court denied Petitioner's Petition for a Writ of Certiorari on November 17, 2010. Petitioner filed a second state habeas petition on October 8, 2010. The trial court denied the petition on January 31, 2011, and the Supreme Court denied the petition for writ of certiorari on March 7, 2011.

This federal petition was filed on April 26, 2011.

## CLAIMS

Petitioner seeks relief on the following grounds:

Ground One: Petitioner claims the state district court acted in concert and conspired with the State to deprive Petitioner of his constitutional rights at post conviction and at trial.

Ground Two: Petitioner claims his counsel was ineffective.

Ground Three: Petitioner alleges the conviction was the result of an illegal search and seizure.

Ground Four: Petitioner claims the conviction was obtained in violation of Petitioner's right of confrontation.

## STANDARD OF REVIEW

Since Petitioner is in custody pursuant to the judgment of a State court, 28 U.S.C. § 2254 applies. Under 28 U.S.C. § 2254, a petitioner is entitled to federal habeas relief only if he can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Petitioner must also satisfy the jurisdictional requirements of the Antiterrorism and Effective Death Penalty Act of 1996. (AEDPA)

## ANALYSIS

The AEDPA provides a one-year statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. §2244(d)(1). The limitation period runs from the latest of:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Options (B)-(D) do not apply in this matter, so Petitioner's limitation period falls under subparagraph (A).  Petitioner did not file for direct review, and the time to do so expired thirty days after his September 25, 2008 sentencing.  Accordingly, Petitioner had one year from October 25, 2008 to file his federal habeas corpus petition.

On it's face, the Petitioner's April 26, 2011 habeas petition was filed far beyond the §2244 one year limitations period.  However, §2244 also contains a provision that establishes a tolling period under certain circumstances.  §2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review. . .is pending shall not be counted toward any period of limitation under this subsection."  However, Petitioner did not file a State habeas petition, or other application for collateral review, until June 8, 2010, approximately seven and a half months after the one-year AEDPA limitations period had expired.

The filing of a State habeas petition or other collateral review tolls the limitations period, it does not restart the one-year clock.  *McCall v. Wyo. AG*, 339 Fed. Appx. 848, 849 (10th Cir. 2009)  Accordingly, the instant Petition is time barred, since the one-year statute of limitations period expired on October 25, 2009.  In light of the fact that the pleading is time barred, the Court declines to address the merits of the Petition.

### RECOMMENDED DISPOSITION

The Court recommends that Otto Rousseau's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 be DISMISSED with prejudice.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**