# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

OTTO ROUSSEAU,

     Petitioner,

vs.                                  No. CIV 11-0355 JB/WDS

ERASMO BRAVO, Warden,

     Respondent.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** came before the Court on: (i) Petitioner Otto Rousseau's Petition Under

28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, April 26, 2011 (Doc.

1)("Complaint"); (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition,

filed November 14, 2011 (Doc. 18)("PFRD"); and (iii) Rousseau's Motion, Objections to Findings

& Recommendation of Disposition, filed November 21, 2011 (Doc. 19)("Objections").  Respondent

Erasmo Bravo filed an answer in opposition to the Complaint.  <u>See</u> Respondent's Answer to Petition

for Writ of Habeas Corpus (28 U.S.C. § 2254), filed July 1, 2011 (Doc. 14)("Answer").   Having

reviewed the record de novo and considered the PFRD, the Objections, and being otherwise fully

advised, the Court finds it should deny Rousseau's request for a writ of habeas corpus.  The Court

will dismiss with prejudice his Complaint.

In his Objections, Rousseau raises a number of interesting legal and factual issues: (i) that

the state court set a hearing, but then ruled before the hearing; (ii) that this Court has an obligation

to protect his Seventh Amendment rights; and (iii) that the Court must take steps to protect pro se

plaintiffs.  <u>See</u> Objections at 2-3.  Most of these objections do not, however, address the Honorable

W. Daniel Schneider, United States Magistrate Judge's proposed disposition in his PFRD, that

Rousseau's Complaint is time-barred.  Only two objections need to be addressed in light of Judge Schneider's recommendations.

First, Rousseau states that his attorney, Liane E. Kerr, told him that, because he entered into a plea agreement, he could not seek post-conviction relief.  See Objections at 1.  Even assuming that Ms. Kerr made this statement,[1] it would not relieve Rousseau of his obligation to conduct due diligence and look for the appropriate statute of limitations.  He decided to seek post-conviction relief at some point; he should have sought it earlier.  Most petitions for habeas relief are pro se.  He cannot use advice of counsel as an excuse for failing to comply with the statute of limitations for a writ of habeas corpus under 28 U.S.C. § 2254.  In Gibson v. Klinger, 232 F.3d 799 (10th Cir. 2000), the United States Court of Appeals for the Tenth Circuit discussed the one-year limitations period for habeas corpus petitions under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1).  See 232 F.3d at 801.  There, the Tenth Circuit recognized that equitable tolling applies to AEDPA's one-year limitations period only in "rare and exceptional circumstances."  Gibson v. Klinger, 232 F.3d at 808.  The Tenth Circuit noted that equitable tolling

---

[1]Rousseau states that his attorney advised him "that since he entered a plea bargain he was prohibited from seeking post-conviction relief."  Objections at 1.  Rousseau's Repeat Offender Plea and Disposition Agreement (dated Sept. 25, 2008), filed July 1, 2011 (Doc. 14-1)("Plea Agreement"), provided:

> Unless this plea is rejected or withdrawn, the defendant gives up all motions, defenses, objections, or requests which defendant has made or could make concerning the Court's entry of judgment against the defendant if that judgment is consistent with this agreement. The defendant specifically waives defendant's right to appeal as long as the court's sentence is imposed according to the terms of this agreement.

Plea agreement at 9.  It may be that the statements to which Rousseau refers were an attempt to explain this provision of the Plea Agreement.

2

would be appropriate where: (i) a prisoner is actually innocent; (ii) when an adversary's conduct --

or other uncontrollable circumstances -- prevents a prisoner for timely filing; or (iii) when a prisoner

actively pursues judicial remedies but filed a defective pleading during the statutory period.

See Gibson v. Klinger, 232 F.3d at 808.  The Tenth Circuit cautioned, however, that "[s]imple

excusable neglect is not sufficient."  Gibson v. Klinger, 232 F.3d at 808.  In Cabrera v. Zavaras, 261

F.App'x 102 (10th Cir. 2008)(unpublished), the Tenth Circuit addressed a case similar to the one

before the Court.  There, the petition for a writ of habeas corpus of a state prisoner proceeding pro

se under 28 U.S.C. § 2254 was time-barred.  See Cabrera v. Zavaras, 261 F.App'x at 104.  The

petitioner argued that his untimely filing was attributable to his appellate attorney's erroneous

advice, who told the petitioner he could not file a habeas petition challenging his Colorado

conviction while in custody in Las Cruces, New Mexico.  See Cabrera v. Zavaras, 261 F.App'x at

104.  The Tenth Circuit held that "erroneous advice by appellate counsel is not an 'extraordinary

circumstance' for equitable tolling purposes" and that there "is no right to effective assistance of

counsel on habeas corpus."  Cabrera v. Zavaras, 261 F.App'x at 105 (citing Coleman v. Thompson,

501 U.S. 722, 752-53 (1991)).  Accordingly, Rousseau's reliance on the advice of his attorney does

not excuse his failure to file a timely motion under the doctrine of equitable tolling, and the Court

will overrule Rousseau's Objections on this ground.

Rousseau also contends that his first language is Spanish.  See Objections at 1-2.  Of course,

many defendants along the border of the United States and in New Mexico can make the same

contention.[2]  These defendants still have an obligation to determine when the statute of limitations

_____

[2]The United States Census Bureau reports that in 2007 approximately 10 million people five years and older in the United States spoke Spanish or Spanish Creole at home, and spoke English not well or not at all.  In New Mexico, Texas, and California, more than 30 percent of the population

3

for post-conviction relief will run.  The Court cannot relieve Rousseau of his obligation to consult the statute of limitations based on his first language.  In <u>Yang v. Archuleta</u>, 525 F.3d 925 (10th Cir. 2008), a state prisoner challenged the dismissal of his habeas corpus petition under 28 U.S.C. § 2254 as untimely, and argued that the limitations period was subject to equitable tolling because he lacked materials in his first language or a translator.  <u>See</u> 525 F.3d at 927.  The Tenth Circuit stated that its unpublished opinions had "consistently and summarily" refused to consider English-language proficiency an extraordinary circumstance warranting equitable tolling.  <u>Yang v. Archuleta</u>, 525 F.3d at 929.  The Tenth Circuit reiterated its position in <u>Gutierrez-Ruiz v. Trani</u>, 378 F.App'x 797 (10th Cir. 2010)(unpublished).  The Tenth Circuit held that: (i) the Colorado Department of Corrections had no obligation to provide "access to legal materials in a prisoner's preferred language"; and (ii) "a petitioner's lack of proficiency in the English language, in conjunction with a lack of access to legal materials in his first language and a translator, are not extraordinary circumstances that warrant equitable tolling."  <u>Gutierrez-Ruiz v. Trani</u>, 378 F.App'x at 799.  The Tenth Circuit has thus rejected the argument that Rousseau makes before the Court.  Moreover, the Court notes that, in <u>Yang v. Archuleta</u>, the Tenth Circuit recognized that English was the petitioner's second language, and that he did not state that he could not write in or speak English.  <u>See</u> 525 F.3d at 930.  Similarly, in this

---

five years and older spoke a language other than English at home in 2007.  Furthermore, in those same three states, between 22.2 and 29.3 percent of the population five years and older the other language spoken at home was Spanish.  <u>See</u> Hyon B. Shin & Robert A. Kominski, United States Census Bureau, <u>Language Use in the United States: 2007</u> at 2, 10, 12 (2010) <u>available at</u> http://www.census.gov/hhes/socdemo/language/.   The United States Sentencing Commission reports that, in fiscal year 2010, 73.6 percent of the defendants sentenced in the United States District Court of New Mexico were convicted of immigration offenses.  <u>See</u> United States Sentencing Commission, <u>Statistical Information Packet: Fiscal Year 2010 District of New Mexico</u> at 1, (2010), <u>available at</u> http://www.ussc.gov/Data_and_Statistics/Federal_Sentencing_Statistics/State_District_Circuit/2 010/JP2010.cfm.  Most of those defendants were likely from Mexico and spoke Spanish.

case, Rousseau's Objections, as well as his other pleadings, are handwritten in English, and are intelligible.  See Objections at 1-3; Complaint at 1-19.  Additionally, Rousseau states that he "needed a considerable amount of time so he could present the Court with a respectable petition," seemingly conceding that he can understand English, but does not explain why it would take him in excess of a year to present such a petition.  Objections at 1-2.  Accordingly, the Court will overrule Rousseau's Objections on this ground.

Finally, although Rousseau does not raise an objection to the Court considering the statute-of-limitations issue first, the Court discusses one issue on its own.  Bravo argues that Rousseau's Complaint is a mixed petition, because one specific claim of ineffective assistance of counsel was not exhausted.  See Answer at 1.  Bravo also argues that Rousseau's Fourth Amendment claim is not reviewable.  See Answer at 1.  The issue thus is whether the Court can discuss a statute of limitations question before deciding what claims are exhausted or otherwise before the Court.  In Stone v. Powell, 428 U.S. 465 (1976), the Supreme Court of the United States held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  428 U.S. at 494.  The Supreme Court clarified that its decision "does not mean that the federal court lacks jurisdiction over such a claim." Stone v. Powell, 428 U.S. at 494 n.37.  Additionally, the Tenth Circuit has held, even after the passage of AEDPA, that "the exhaustion requirement, although not to be lightly overlooked, is not jurisdictional."  Demarest v. Price, 130 F.3d 922, 933 (10th Cir. 1997)(citing Granberry v. Greer, 481 U.S. 129, 131 (1987)).  The Court therefore concludes that it can proceed as Judge Schneider suggested.

In sum, Judge Schneider completed his PFRD on November 14, 2011, and on November 21, 2011 Rousseau filed his Objections.  The Court has reviewed these objections carefully, and the Court does not find the Objections persuasive.  Rousseau pled guilty to state drug charges and waited almost two years before filing a state habeas petition.  <u>See</u> PFRD at 2, 4.  When the state court denied his petition, Rousseau filed this petition under 28 U.S.C. § 2254, after his one-year limitations period under AEDPA had already expired.  The basis of Judge Schneider's PFRD was that the statute of limitations barred Rousseau's habeas petition.  <u>See</u> PFRD at 4.  That basis is sound.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed November 14, 2011 (Doc. 18), are adopted; and (ii) Petitioner Otto Rousseau's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, April 26, 2011 (Doc. 1) is denied.  The Court will dismiss this matter with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel*:

Otto Rousseau
Western New Mexico Correctional Facility
Grants, New Mexico

    *Plaintiff pro se*

Gary K. King
  Attorney General of New Mexico
Margaret E. McLean
  Assistant Attorney General
Santa Fe, New Mexico

    *Attorneys for the Defendant*

6